UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04390 JAK (AGRx) | Date | November 15, 2022 |
|---|---|---|---|
| Title | Santiago Lim v. Transforce, Inc., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|

| T. Jackson-Terrell | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT (DKT. 196)**

## I.   Introduction

On February 21, 2019, Santiago Lim ("Plaintiff" or "Lim") filed this putative class action in the Los Angeles Superior Court, and named the following defendants: Transforce, Inc., TForce Logistics, LLC, TForce Final Mile West, LLC, and Does 1-10 (collectively, "Defendants"). Dkt. 1-2.

The Complaint advances the following causes of action:

(1) Failure to Pay Overtime Compensation,
(2) Reimbursement of Business Expenses,
(3) Unlawful Deductions from Wages,
(4) Failure to Provide Meal Periods,
(5) Failure to Provide Rest Periods,
(6) Failure to Pay Regular Rates,
(7) Failure to Keep Accurate Payroll Records,
(8) Failure to Provide Accurate, Itemized Wage Statements,
(9) Waiting Time Penalties,
(10) Unfair Competition under Bus. & Prof. Code §§ 17200, *et seq.*,
(11) Violation of Cal. Bus. & Prof. Code §§ 1660 et seq., and
(12) Violations of Cal. Lab. Code § 432.5.

The claims arise from Defendants' alleged misclassification of their delivery drivers as "independent contractors" rather than as "employees." Dkt. 1-2 ¶ 1.

On May 21, 2019, Defendants removed the action. Dkt. 1. On September 27, 2019, Defendants filed a Motion to Compel Arbitration. Dkt. 21. On April 27, 2020, that motion was denied. Dkt. 50. Defendants appealed that Order. Dkt. 54. It was affirmed on August 12, 2021. Dkt. 112.

On March 21, 2022, Defendants filed a Motion to Deny Class Certification. Dkt. 154. On April 9, 2022, Plaintiff filed a Motion to Certify Class. Dkt. 166. On June 13, 2022, Defendants filed an Opposition to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04390 JAK (AGRx) | Date | November 15, 2022 |
|---|---|---|---|
| Title | Santiago Lim v. Transforce, Inc., et al. | | |

Plaintiff's Motion for Class Certification. Dkt. 186. On August 19, 2022, Defendants filed a Notice of Settlement. Dkt. 192. On September 26, 2022, Plaintiff filed a Motion for Preliminary Approval of Class Action Settlement (the "Motion). Dkt. 196. It supersedes the earlier motions as to class certification.

Through the Motion, Plaintiff seeks the following:

1.      Conditional class certification;
2.      Preliminary approval of the Settlement Agreement;
3.      Approval of the Proposed Notice
4.      Appointment of Plaintiff as class representative
5.      Appointment of Plaintiff's attorneys as class counsel ("Class Counsel")
6.      Appointment of Kroll Settlement Administration as the settlement administrator ("Settlement Administrator"); and
7.      Scheduling of a hearing on final approval of the class action settlement.

Dkt. 196 at 2–3.

For the reasons stated in this Order, the Motion is **GRANTED**.

**II.      Background**

A.      The Parties

The Complaint alleges that Plaintiff is a resident of California who worked as a delivery driver for Defendants approximately between the winter of 2010 and the summer of 2016. Dkt. 1-2 ¶ 37. Defendants are allegedly engaged in the business of delivery services. *Id.* ¶¶ 38-40.

B.      Substantive Allegations

The Complaint alleges that Defendants employ drivers to perform its delivery services, and have been misclassifying them as independent contractors in an effort to "evade the obligations of an employer." *Id.* ¶¶ 45-51. It alleges that, notwithstanding the classification of the drivers as independent contractors, Defendants "retain the right to exercise extensive control over the way the Drivers perform their deliveries." *Id.* ¶ 52. As a result of misclassifying their drivers, Defendants allegedly failed to comply with several obligations under the California Labor Code, including by not paying overtime, not reimbursing drivers for business expenses incurred in performing their jobs, and not providing required meal and rest periods. *Id.* ¶ ¶ 65-77.

**III.      Summary of Settlement Agreement and Notice**

A.      Class Definition

The Settlement Agreement defines the "Class" as follows:

[A]ll persons who, according to Defendants' business records or records provided to them by SCI, (i) prior to and including December 31, 2019, signed an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04390 JAK (AGRx) | Date | November 15, 2022 |
|---|---|---|---|
| Title | Santiago Lim v. Transforce, Inc., et al. | | |

Independent Contractor and/or Owner Operator Agreement (either in their individual capacity or as the owner of a business entity) with Dynamex Operations West, Inc., TForce Final Mile West, LLC, TForce Logistics West, LLC, BeavEx, Inc., JNJW Enterprises, Inc., Velocity Express Leasing, Inc., or Velocity Express, LLC, or, after December 31, 2019, signed an Owner Operator Agreement (either in their individual capacity or as the owner of a business entity) with Subcontracting Concepts CT, LLC (SCI), (ii) were based in California, (iii) personally performed at least one delivery in California through Dynamex Operations West, Inc., TForce Final Mile West, LLC, or TForce Logistics West, LLC, from February 15, 2015 through December 31, 2022, or Preliminary Approval, whichever is earlier, where the delivery was not performed on an indirect basis through the person's engagement or association with a Delivery Service Professional (DSP), Master Contractor, Agent, Carrier, or other form of contractor, and (iv) did not have more than one indirect driver working or associated with them at the same or different times during the Class Period.

Dkt. 197 ¶ 1.4

The "Class Period" is defined as "from February 15, 2015, through December 31, 2022, or Preliminary Approval, whichever is earlier, subject to the Escalator Provision contained herein." *Id.* ¶ 1.11.

The Escalator Provision states that, in the event that it is later determined that the size of the Class is more than 5% larger than the estimated size of 1649 persons:

(1) the Gross Settlement Amount shall increase by the same number of percentage points above 5% by which the actual number of Class Members or Workweeks exceeds the assumed number (for example, if the actual number of Class Members or Workweeks is determined to be 7% higher than the assumed number, the Gross Settlement Amount shall be increased by 2%; in the event the number of both Class Members and Workweeks exceed the 5% threshold, the gross settlement will be increased by the higher percentage as between Class Members and Workweeks); or (2) the Class Period and Class Release shall end as of the date the actual number of Class Members reached 1,731 or the actual number of Workweeks reached 124,603, whichever occurs first.

*Id.* ¶ 9.
B.    Payment to Putative Class Members

1.    <u>Gross Settlement Amount</u>

The Settlement Agreement provides that Defendant will pay a "Gross Settlement Amount" of $15,500,000. *Id.* ¶ 3.1.

2.    <u>Deductions from the Gross Settlement Amount</u>

a)    Overview

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04390 JAK (AGRx) | Date | November 15, 2022 |
|----------|--------------------------|------|-------------------|
| Title | Santiago Lim v. Transforce, Inc., et al. | | |

The Settlement Agreement provides for a maximum award of attorney's fees of $5,166,166, and a maximum payment for litigation expenses of $75,000. *Id.* ¶ 3.2.2. Assuming counsel for Plaintiff ("Plaintiff's Counsel" or "Class Counsel") seek the maximum award permitted, the Agreement provides that the Gross Settlement Amount will be allocated as follows:

| Description of Amount | Amount | Percent |
|-----------------------|--------|---------|
| **Gross Settlement Amount** | **$15,500,000** | **100%** |
| Enhancement Award to Class Representatives | ($15,000.00) | 0.1% |
| Estimated Attorneys' Fees Award to Class Counsel | ($5,166,166) | 33.3% |
| Litigation Costs and Expenses | ($75,000) | 0.5% |
| Third Party Administrator Costs | ($57,815) | 0.4% |
| **Net Cash Settlement Amount** | **$10,186,019** | **65.7%** |

*Id.* ¶ 3.1-3.23.

> b) Class Representatives' Incentive Awards

The Settlement Agreement provides for an incentive award to Class Representative Lim of up to $15,000 to be paid from the Cash Settlement Fund. *Id.* ¶ 3.2.1.

> c) Settlement Administration Costs

The Settlement Agreement provides that Kroll Settlement Administration LLC will act as the Settlement Administrator. *Id.* ¶ 1.2. The Settlement Agreement provides for payment of expenses to the Settlement Administrator not to exceed $57,815, "except for a showing of good cause and as approved by the Court." *Id.* ¶ 3.2.3.

> d) Attorney's Fees

As noted, the Settlement Agreement allows for a payment of fees to Class Counsel of not more than $5,166,666, which is one-third of the Gross Settlement Amount. *Id.* ¶ 3.2.2. Defendants agree not to oppose a fee request by Class Counsel that does not exceed this amount. *Id.*

> 3. <u>Calculation of Individual Settlement Payments</u>

Individual payments to Class Members will be calculated according to the following procedure:

> (a) First, the Administrator will use the total number of Workweeks belonging to each Participating Class Member stated in the Class Data that Defendants provide.

> (b) Second, the Administrator will aggregate all the Workweeks for all the Participating Class Members to arrive at the Total Workweeks;

> (c) Third, the Administrator will calculate each Participating Class Member's Settlement Ratio by dividing the number of Workweeks belonging to that Participating Class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04390 JAK (AGRx) | Date | November 15, 2022 |
|---|---|---|---|
| Title | Santiago Lim v. Transforce, Inc., et al. | | |

Member by the Total Workweeks for all the Participating Class Members; and

(d) Fifth, the Administrator will calculate each Participating Class Member's Individual
Class Member Payment by multiplying that Participating Class Member's Settlement
Ratio by the Net Settlement Amount.

(e) The Parties agree that the formula described herein is reasonable and that the
payments are designed to provide a fair settlement to each Participating Class Member
in light of the uncertainties regarding the compensation alleged to be owed and the
calculation of such amounts. In the event the Court is not willing to approve the
Settlement with this distribution formula proposed by the Parties, however, this shall not
be a basis for any Party to cancel or withdraw from the Settlement; rather, the parties will
work in good faith to propose another distribution formula that might be acceptable to the
Court.

*Id.* 3.2.4.

       C.      Notice and Payment Plan

           1.    <u>In General</u>

The Settlement Agreement sets forth a process for notifying Class Members. *Id.* ¶¶ 8.3-8.3.4. The
Administrator will send notice to all Class Members identified in the Class Data by first-class mail. *Id.* ¶
8.3.2. Class Data is defined as a "spreadsheet list of Class Members that Defendants will compile from
readily accessible information in their possession that will include the Class Member's name, last-
known mailing address, last known telephone number(s), last known email address (if any), Social
Security number, and either the number and dates of Class Period Workweeks or information sufficient
from which to calculate Class Period Workweeks." *Id.* ¶ 1.7.

If the Administrator receives any notice returned as undeliverable, it will re-mail it with any forwarding
address provided by the United States Postal Service. *Id.* ¶ 8.3.3. If no forwarding address is provided,
the Administrator will conduct at least one address search and re-mail the notice to any address that is
identified. The Administrator "has no obligation to make further attempts to locate or send Class Notice
to Class Members whose Class Notice is returned by the USPS a second time." *Id.*

The Proposed Notice summarizes the terms of the Settlement Agreement. *Id.* at 33-34. It describes the
allocation of the settlement fund among Class Members. *Id.* at 34. It explains that Class Members need
not file a claim form to receive their payments under the Settlement. *Id.* at 33. The Proposed Notice
provides an individualized estimate to each Class Member of the approximate payment that person
would receive under the Settlement Agreement based on the number of weeks the person worked for
Defendants. *Id.* at 34.

           2.    <u>Opt-Outs and Objections</u>

Class Members will be notified that they may opt out from or object to the Settlement. *Id.* at 36, 37-38.
To opt out, Class Members must "send the Administrator by mail a signed written Request for Exclusion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04390 JAK (AGRx) | Date | November 15, 2022 |
|---|---|---|---|
| Title | Santiago Lim v. Transforce, Inc., et al. | | |

not later than the Response Deadline." *Id.* ¶ 8.4.1. The Request for Exclusion must "reasonably communicate[] the Class Member's election to be excluded from the Settlement." *Id.* A Request for Exclusion must "(a) be written, (b) be signed by the Class Member requesting exclusion, (c) identify the name of the Class Member requesting exclusion and last four digits of the Class Member's social security number (for identification); (d) state that the Class Member has reviewed the Class Notice regarding the settlement of the Action and wishes to be excluded from the settlement; (e) be mailed to the Settlement Administrator at the address provided in the Class Notice; and (f) be postmarked on or before the Response Deadline." *Id.* If a Class Member's Request for Exclusion is defective, they will be given an opportunity to cure the defect. *Id.* ¶ 8.4.2.

To object to the Settlement, a Class Member may file a written objection with the Court. *Id.* at 49. A Class Member who files a written objection may appear at the final approval hearing. *Id.* Class Members who do not file written objections may still object by appearing at the final approval hearing, and request permission to address the Court. Any objection prior to the hearing must "(a) be written, (b) be signed by the Participating Class Member making the objection, (c) identify the name of the Participating Class Member making the objection; (d) identify the Action, (e) be mailed to the Settlement Administrator at the address provided in the Class Notice, and (f) be postmarked on or before the Response Deadline." *Id.* ¶ 8.6.2. The Proposed Notice will notify Class Members that the objection should "explain the reason for the objection, provide any facts that support the objection, and provide the most recent mailing address, telephone number and/or other contact information of the Participating Class Member." *Id.*

D.      Release of Claims

The Settlement Agreement provides for a general release of claims against Defendants by Class Members upon the Effective Date. *Id.* ¶ 6.2. It defines "Class Released Claims" as follows:

> [A]ny wage and hour claims, arising from the alleged misclassification of Class Members as independent contractors rather than employees, which were pled or that could have been pled based on the facts alleged in the Operative Complaint filed in this Action, and which accrued during the Class Period. This includes but is not necessarily limited to claims for (1) misclassifying Class members as independent contractors, (2) failure to pay overtime and/or double-time compensation; (3) failure to pay regular rates for all hours worked, (4) failure to reimburse business expenses; (5) unlawful deductions from wages; (6) failure to provide off-duty and compliant meal periods, or compensation in lieu thereof; (7) failure to provide paid, off duty or compliant rest periods, and/or compensation in lieu thereof; (8) failure to provide accurate, itemized wage statements; (9) failure to keep accurate payroll records; (10)
> waiting time penalties; (11) maintaining unlawful non-compete clauses or contracts in restraint of trade; (12) violation of the Unfair Competition Law, Bus. & Prof. Code §§ 17200, et seq.; (13) alleged violations of California Labor Code sections 201-03, 204, 218, 218.6, 221-23, 226, 226.3, 226.7, 226.8, 400-10, 432.5, 510, 512, 515.5, 1 174, 1 174.5 1194, 1197.1, 1198, 2800, 2801, 2802, 2804; IWC Wage Order No. 9 sections 3, 7, 8, 11, 2, Title 8 C.C.R. section 11090, section 7, 8, 11, 12, Civil Code section 3287, California Business and Professions Code sections 16600 *et seq.*', and 17200 *et seq.* based on the foregoing alleged violations; and (14) all claims for interest, penalties,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04390 JAK (AGRx) | Date | November 15, 2022 |
|---|---|---|---|
| Title | Santiago Lim v. Transforce, Inc., et al. | | |

attorneys' fees, costs and any other monetary relief based upon the claims described above and including, but not limited to, pursuant to Labor Code §§210, 218.5, 218.6, Code of Civil Procedure §1021.5, and/or Civil Code §§ 3287(b) and 3289, and all costs, attorneys' fees, injunctive relief, declaratory relief, penalties, or accounting that are based on or related to the alleged Labor Code, Wage Order, and Business & Professions Code violations, that accrue during the Class Period. For Participating Class Members who cash a settlement check for their Individual Class Member Payment after receiving the Class Notice, the Class Released Claims will also include claims under the Federal Labor Standards Act or other federal law or regulations.

*Id.* ¶ 1.12.

"Released Parties" are defined as follows:

TForce Final Mile, LLC, TForce Final Mile West, LLC, TForce Logistics, LLC, TForce Logistics West, LLC, Dynamex, Inc., Dynamex Operations West, Inc., BeavEx, Inc., JNJW Enterprises, Inc., Subcontracting Concepts CT, LLC, Subcontracting Concepts, LLC, Drive Force West, LLC, and, for each of those entities, their respective parents, subsidiaries, affiliates, former and present directors, officers, shareholders, owners, employees, lawyers, insurers, predecessors, successors, and assigns.

*Id.* ¶ 1.31.

The Settlement Agreement also includes a Class Representative Release, which is broader than the Class Released Claims. It states:

In addition to releasing all claims covered by the Class Released Claims, Class Representative Santiago Lim, and on behalf of himself and his former and present representatives, agents, attorneys, heirs, administrators, successors, and assigns, release and discharge the Released Parties any and all claims, known and unknown, under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, including but not limited to claims arising from or related to Class Representative's alleged employment with or termination of alleged employment from Defendants. Class Representative acknowledges that he may discover facts or law different from, or in addition to, the facts or law that he now knows or believes to be true but agrees, nonetheless, that his Release shall be and remain effective in all respects, notwithstanding such different or additional facts or discovery of them. Class Representative expressly waives and relinquishes the provisions, rights and benefits of section 1542 of the California Civil Code, which reads:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04390 JAK (AGRx) | Date | November 15, 2022 |
|---|---|---|---|
| Title | Santiago Lim v. Transforce, Inc., et al. | | |

Notwithstanding the foregoing, Class Representative does not waive or release any claim which cannot be waived or released by private agreement. Further, nothing in this Agreement shall prevent Class Representative from filing a charge or complaint with, or from participating in, an investigation or proceeding conducted by the SEC, OSHA, EEOC, DFEH, NLRB or any other federal, state or local agency charged with the enforcement of any employment or other applicable laws. Class Representative, however, understands that by signing this Agreement, he waives the right to recover any damages or to receive other relief for any claim or suit brought by or through the EEOC, the DFEH or any other state or local agency on their behalf to the fullest extent permitted by law, but expressly excluding any monetary award or other relief available from the SEC/OSHA, including an SEC/OSHA whistleblower award, or other awards or relief that may not lawfully be waived.

*Id.* ¶ 6.1.

      E.    CAFA Notice

The Settlement Agreement provides that the Administrator "will provide notice to the appropriate federal and/or state officials under the Class Action Fairness Act (28 U.S.C. § 1715)." *Id.* ¶ 8.3.2.

**IV.**    **Analysis**

      A.    Class Certification

          1.    Legal Standards

The first step in considering whether preliminary approval of the Settlement Agreement should be granted is to determine whether a class can be certified. "[T]he Ninth Circuit has taught that a district court should not avoid its responsibility to conduct a rigorous analysis because certification is conditional: Conditional certification is not a means whereby the District Court can avoid deciding whether, at that time, the requirements of the Rule have been substantially met." *Arabian v. Sony Elecs., Inc.*, No. 05-CV-1741-WQH, 2007 WL 627977, at *2 n.3 (S.D. Cal. Feb. 22, 2007) (quoting *In re Hotel Tel. Charges*, 500 F.2d 86, 90 (9th Cir. 1974)). "When, as here, the parties have entered into a settlement agreement before the district court certifies the class, reviewing courts 'must pay undiluted, even heightened, attention to class certification requirements.'" *Staton v. Boeing Co.*, 327 F.3d 938, 952–53 (9th Cir. 2003) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011)).

That the parties have reached a settlement "is relevant to a class certification." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 619 (1997). Consequently, when

    [c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial. But other specifications of the Rule—those designed to protect absentees by blocking unwarranted or overbroad class definitions—

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04390 JAK (AGRx) | Date | November 15, 2022 |
|---|---|---|---|
| Title | Santiago Lim v. Transforce, Inc., et al. | | |

demand undiluted, even heightened, attention in the settlement context. Such attention is of vital importance, for a court asked to certify a settlement class will lack the opportunity, present when a case is litigated, to adjust the class, informed by the proceedings as they unfold.

*Id.* at 620 (internal citations omitted). "In the context of a request for settlement-only class certification, the protection of absentee class members takes on heightened importance." *Gallego v. Northland Grp. Inc.*, 814 F.3d 123, 129 (2d Cir. 2016) (citing *Amchem Prods.*, 521 U.S. at 620).

The first step for class certification is to determine whether the proposed class meets each of the requirements of Fed. R. Civ. P. 23(a). *Dukes*, 564 U.S. at 350–51; *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). These are: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Fed. R. Civ. P. 23(a)(1)–(4). Further, "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Dukes*, 564 U.S. at 350. If these four prerequisites are met, the proposed class must meet one of the requirements of Fed. R. Civ. P. 23(b). *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). Plaintiffs rely on Rule 23(b)(3). *See* Dkt. 196 at 20. It provides, in relevant part, that a class proceeding "may be maintained" if "questions of law or fact common to class members predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b).

    2.    <u>Application</u>

        a)    Fed. R. Civ. P. 23(a) Requirements

            (1)    <u>Numerosity</u>

Rule 23(a)(1) requires that a class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "'[I]mpracticability' does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913–14 (9th Cir. 1964) (quoting *Advert. Specialty Nat'l Ass'n v. FTC*, 238 F.2d 108, 119 (1st Cir. 1956)). Although there is no specific numeric requirement, courts generally have found that a class of at least 40 members is sufficient. *See Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010); *In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. 628, 634 (C.D. Cal. 2009).

Defendants have identified 1649 Class Members based on a review of their records. Dkt. 196 at 16. This is sufficient to satisfy the numerosity requirement.

            (2)    <u>Commonality</u>

Rule 23(a)(2) provides that a class may be certified only if "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality requires a showing that the "class members have suffered the same injury," *Dukes*, 564 U.S. at 349–50 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)), and "does not mean merely that they have all suffered a violation of the same

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04390 JAK (AGRx) | Date | November 15, 2022 |
|---|---|---|---|
| Title | Santiago Lim v. Transforce, Inc., et al. | | |

provision of law," *Id.* at 350. The class claims must "depend on a common contention" that is "of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* "Rule 23(a)(2) has been construed permissively. All questions of fact and law need not be common to satisfy the rule." *Hanlon*, 150 F.3d at 1019. In assessing commonality, "even a single common question will do." *Dukes*, 564 U.S. at 359 (internal quotation marks omitted). In general, the commonality element is satisfied where the action challenges "a system-wide practice or policy that affects all of the putative class members." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499 (2005).

Plaintiff's claims arise out of the allegation that Defendants misclassified them as independent contractors rather than employees. Thus, a central question is whether these delivery drivers are properly categorized as employees or independent contractors. *See* Dkt. 166 at 21. This question is one that is capable of determination on a class-wide basis.

Commonality does not require "that every question of law or fact must be common to the class; all that Rule 23(a)(2) requires is a single significant question of law or fact," class treatment of which will "generate common answers apt to drive the resolution of the litigation." *Abdullah v. U.S. Sec. Assocs.*, 731 F.3d 952, 957 (9th Cir. 2013) (internal citations omitted). Plaintiffs have identified at least one significant question of law or fact that is common to the class. Therefore, the commonality requirement is satisfied.[1]

### (3)    Typicality

The typicality requirement is met if the "representative claims are 'typical,'" *i.e.*, "if they are reasonably co-extensive with those of absent class members." *Hanlon*, 150 F.3d at 1020. Representative claims "need not be substantially identical." *Id.* The test of typicality is whether "other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon*, 976 F.2d at 508 (quoting *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)). Like commonality, typicality is construed permissively. *Hanlon*, 150 F. 3d at 1020. The commonality and typicality requirements of Rule 23(a) tend to merge. *Dukes*, 564 U.S. at 349 n.5.

Plaintiff alleges injuries that are common among all Class Members. They arise from the alleged misclassification of Class Members as independent contractors rather than employees. Plaintiff and the Class Members "signed similar Independent Contractor and/or Owner-Operator Agreements, were subject to the same independent contractor classification, and performed the same work: delivery." Dkt. 196 at 19. For these reasons, the typicality requirement is satisfied.

### (4)    Adequacy of Lead Plaintiffs and Class Counsel

Rule 23(a)(4) requires that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Resolution of two questions determines legal adequacy: (1) do the

---

[1] Defendants challenged Plaintiff's commonality, adequacy, typicality, predominance and superiority analyses in their previous Motion to Deny Class Certification (Dkt. 154), but they do not dispute these issues with respect to the Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04390 JAK (AGRx) | Date | November 15, 2022 |
|---|---|---|---|
| Title | Santiago Lim v. Transforce, Inc., et al. | | |

named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020. "Adequate representation depends on, among other factors, an absence of antagonism between representatives and absentees, and a sharing of interest between representatives and absentees." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011). "Adequacy of representation also depends on the qualifications of counsel." *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1007 (9th Cir. 2018) (citing *In re N. Dist. of Cal., Dalkon Shield IUD Prods. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982), *abrogated on other grounds by Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227 (9th Cir. 1996)). "[T]he named representative's attorney [must] be qualified, experienced, and generally capable to conduct the litigation." *Id.* (quoting *Jordan v. L.A. Cnty.*, 669 F.2d 1311, 1323 (9th Cir.), *vacated on other grounds* 459 U.S. 810 (1982)).

There is no evidence that either Plaintiff or his counsel has any conflicts of interest with other Class Members. Plaintiff states that he "has diligently participated in the case, including providing documents, interrogatory answers, and deposition testimony, as well as working with counsel to successfully weather Defendants' motion to compel arbitration and subsequent appeal." Dkt. 196 at 19.

Joshua Konecky, who is lead counsel for Plaintiff, states that he has been "representing plaintiffs in employment class actions, with a focus on wage and hour cases" since 2002. Konecky Decl., Dkt. 196-1 ¶ 5. He also states that he has "been lead counsel and/or co-lead counsel in numerous class actions," and has brought three cases involving alleged independent contractor misclassification. *Id.* ¶ 7-10. Class Counsel has pursued the case vigorously on behalf of the Class by, *inter alia*, defeating a motion to compel arbitration, handling the appeal of the corresponding order, participating in three mediation sessions, engaging in extensive discovery and briefing a motion for class certification. *Id.* ¶¶ 21-28.

For these reasons, the adequacy requirement is met for the purposes of conditional certification of the Class.

    b)    Requirements of Fed. R. Civ. P. 23(b)(3)

        (1)    <u>Predominance</u>

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods.*, 521 U.S. at 623. The predominance analysis assumes that the Rule 23(a)(2) commonality requirement has already been established, *Hanlon*, 150 F.3d at 1022, and "focuses on whether the 'common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication,'" *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 557 (9th Cir. 2019) (quoting *Hanlon*, 150 F.3d at 1022). "An individual question is one where 'members of a proposed class will need to present evidence that varies from member to member,' while a common question is one where 'the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof.'" *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016) (quoting 2 William Rubenstein, *Newberg on Class Actions* § 4:50, at 196–97 (5th ed. 2012)). Where the issues of a case "require the separate adjudication of each class member's individual claim or defense, a Rule 23(b)(3) action would be inappropriate." *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1189 (9th Cir. 2001) (quoting 7A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04390 JAK (AGRx) | Date | November 15, 2022 |
|---|---|---|---|
| Title | Santiago Lim v. Transforce, Inc., et al. | | |

Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1778 at 535–39 (2d ed. 1986)).

"Predominance is not, however, a matter of nose-counting. Rather, more important questions apt to drive the resolution of the litigation are given more weight in the predominance analysis over individualized questions which are of considerably less significance to the claims of the class." *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1134 (9th Cir. 2016) (internal citations omitted). "Therefore, even if just one common question predominates, 'the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately.'" *In re Hyundai*, 926 F.3d at 557–58 (quoting *Tyson Foods, Inc.*, 577 U.S. at 453–54).

The requirements of Fed. R. Civ. P. 23(b)(3) "must be considered in light of the reason for which certification is sought—litigation or settlement . . . ." *Id.* at 558. A class may be certifiable for settlement even though it "may not be certifiable for litigation" where "the settlement obviates the need to litigate individualized issues that would make a trial unmanageable." *Id.*

In this action, the claims of all Class Members turn on whether delivery drivers were misclassified as independent contractors. Each class member had similar contracts with Defendants. Dkt. 196 at 20. Plaintiffs cite several cases that have found common issues predominate with respect to similar claims. *See, e.g., Johnson v. Serenity Transp., Inc.*, No. 15-cv-02004-JSC, 2018 U.S. Dist. LEXIS 129241, at *26-33 (N.D. Cal. Aug. 1, 2018) (finding that "common questions predominate the misclassification issue" under the applicable tests). Further, the underlying wage and hour claims are susceptible to common proof because all the drivers were subject to the same policies. Dkt. 196 at 21.

Although payments to Class Members will differ based on the number of weeks each worked, "damage calculations alone cannot defeat certification," even if individual issues predominate. *Levya v. Medline Indus. Inc.*, 716 F.3d 510, 513 (9th Cir. 2013); *see also Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1167–68 (9th Cir. 2014). "[A]s long as an efficient mechanism exists to calculate damages on a classwide basis, the existence of potential individualized damages will not defeat the predominance requirement." *Aichele v. City of Los Angeles*, 314 F.R.D. 478, 496 (C.D. Cal. 2013). The Settlement Agreement proposes an efficient mechanism to calculate individual payments based on the number of workweeks each driver worked.

For these reasons, the predominance requirement of Rue 23(b)(3) is satisfied.

(2)    Superiority

Rule 23(b)(3) requires a showing that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). This issue is evaluated by considering the following factors: "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." *Id.*

This class action is a superior form of litigation. It is estimated that there are at least 1600 members of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04390 JAK (AGRx) | Date | November 15, 2022 |
|---|---|---|---|
| Title | Santiago Lim v. Transforce, Inc., et al. | | |

the Class. It would be impractical, and not cost-effective for Class members to bring individual actions. Dkt. 196 at 25. Further, there is no showing that any other litigation about these claims is pending. *Id.* at 21. For these reasons, the superiority requirement is satisfied.

\*    \*    \*

For the foregoing reasons, the Putative Class warrants conditional certification.

B.    Preliminary Approval of the Settlement Agreement

1.    Legal Standards

Fed. R. Civ. P. 23(e) requires a two-step process in considering whether to approve the settlement of a class action. First, a court must make a preliminary determination whether the proposed settlement "is fundamentally fair, adequate, and reasonable." *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007) (quoting *Staton*, 327 F.3d at 952). In the second step, which occurs after preliminary approval, notification to class members, and the compilation of information as to any objections by class members, a court determines whether final approval of the settlement should be granted. *See, e.g.*, *Id.*

"Where . . . the parties negotiate a settlement agreement before the class has been certified, 'settlement approval requires a higher standard of fairness and a more probing inquiry than may normally be required under Rule 23(e).'" *Roes, 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1048 (9th Cir. 2019) (quoting *Dennis v. Kellogg Co.*, 697 F.3d 858 (9th Cir. 2012)). "Specifically, 'such [settlement] agreements must withstand an even higher level of scrutiny for evidence of collusion or other conflicts of interest than is ordinarily required under Rule 23(e) before securing the court's approval as fair.'" *Id.* (quoting *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011)). This scrutiny "is warranted 'to ensure that class representatives and their counsel do not secure a disproportionate benefit at the expense of the unnamed plaintiffs who class counsel had a duty to represent.'" *Id.* (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998)).

In evaluating fairness, a court must consider "the fairness of a settlement as a whole, rather than assessing its individual components." *Lane v. Facebook, Inc.*, 696 F.3d 811, 818–19 (9th Cir. 2012). A court is to consider and evaluate several factors as part of its assessment of a proposed settlement. The following non-exclusive factors, which originally were described in *Hanlon*, are among those that may be considered during both the preliminary and final approval processes:

(1) the strength of the plaintiff's case;
(2) the risk, expense, complexity, and likely duration of further litigation;
(3) the amount offered in settlement;
(4) the extent of discovery completed and the stage of the proceedings;
(5) the experience and views of counsel;
(6) any evidence of collusion between the parties; and
(7) the reaction of the class members to the proposed settlement.

*See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458–60 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04390 JAK (AGRx) | Date | November 15, 2022 |
|---|---|---|---|
| Title | Santiago Lim v. Transforce, Inc., et al. | | |

Each factor does not necessarily apply to every settlement, and other factors may be considered. For example, courts often assess whether the settlement is the product of arms-length negotiations. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution."). As noted, in determining whether preliminary approval is warranted, a court is to decide whether the proposed settlement has the potential to be deemed fair, reasonable and adequate in the final approval process. *Acosta*, 243 F.R.D. at 386.

Amended Fed. R. Civ. P. 23(e) provides further guidance as to the requisite considerations in evaluating whether a proposed settlement is fair, reasonable and adequate. A court must consider whether:

> (A) the class representatives and Plaintiff's counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>> (i) the costs, risks, and delay of trial and appeal;
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>> (iv) any agreement required to be identified under Rule 23(e)(3);[2] and
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

The factors set forth in Fed. R. Civ. P. 23(e) distill the considerations historically used by federal courts to evaluate class action settlements. *See* Fed. R. Civ. P. 23(e) advisory committee's note to 2018 amendment. As the comments of the Advisory Committee explain, "[t]he goal of [the] amendment [was] not to displace any factor" that would have been relevant prior to the amendment, but rather to address inconsistent "vocabulary" that had arisen among the circuits and "to focus the court and the lawyers on the core concerns" of the fairness inquiry. *Id.*

  2. <u>Application</u>

    a) Whether the Class Representatives and Plaintiff's Counsel Have Adequately Represented the Putative Class

For the reasons stated earlier, Plaintiff and counsel have adequately represented the Class.

"The extent of the discovery conducted to date and the stage of the litigation are both indicators of [Class] Counsel's familiarity with the case and of Plaintiffs having enough information to make informed

---

[2] Fed. R. Civ. P. 23(e)(3) provides that "[t]he parties seeking approval must file a statement identifying any agreement made in connection with the proposal."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04390 JAK (AGRx) | Date | November 15, 2022 |
|---|---|---|---|
| Title | Santiago Lim v. Transforce, Inc., et al. | | |

decisions." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1042 (N.D. Cal. 2008); *see also Nat'l Rural Telecomm. Coop. v. DirecTV, Inc.*, 221 F.R.D. 523, 527 (C.D. Cal. 2004) (quoting 5 *Moore's Federal Practice* § 23.85[2][e] (Matthew Bender 3d ed.)) ("A court is more likely to approve a settlement if most of the discovery is completed because it suggests that the parties arrived at a compromise based on a full understanding of the legal and factual issues surrounding the case.").

Plaintiff's lead counsel declares that Class Counsel "invest[ed] significant time, resources, and skill for over three years to reach the proposed resolution now before the Court." Dkt. 196-1 ¶ 18. As noted, Defendants filed a motion to compel individual arbitration, which was denied, with that order appealed and affirmed. *Id.* ¶ 21. The parties engaged in extensive discovery. *Id.* ¶ 27. Finally, the parties attended a mediation session on August 3, 2022, through which Plaintiffs developed damages models. There were then multiple follow-up telephonic sessions with the experienced, private neutral, and the parties reached a settlement. *Id.* ¶ 29. The procedural history of the case shows that Class Counsel engaged in significant discovery, gathered material information about the scope and merits of the claims advanced, and were able to assess their value.

This factor weighs in favor of preliminary approval of the Settlement.

> b)     Whether the Settlement was Negotiated at Arms' Length.

The Ninth Circuit has explained that courts "ha[ve] long deferred to the private consensual decision of the parties." *Rodriguez*, 563 F.3d at 965. They will evaluate the settlement process as well as the terms and conditions of the agreement to assure that "the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties." *Id.* (quoting *Hanlon*, 150 F.3d at 1027). Three factors may raise concerns of collusion: (1) "when counsel receive[s] a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded"; (2) "when the parties negotiate a 'clear sailing' arrangement providing for the payment of attorneys' fees separate and apart from class funds"; and (3) "when the parties arrange for fees not awarded to revert to defendants rather than be added to the class fund." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011) (internal quotation marks and citations omitted).

The history of this litigation does not suggest fraud, overreaching or collusion among the parties. They engaged in extensive settlement negotiations, including three mediation sessions. They first participated in two mediation sessions with retired Judge Raul A. Ramirez in January 2021 and in June 2021, but did not reach a settlement. Dkt. 196-1 ¶ 22. Then, in August 2022, they attended a mediation with Jeffrey A. Ross and continued to negotiate a resolution over the next two weeks, which "included multiple follow-up telephonic sessions with Mr. Ross, at times on a daily basis." *Id.* ¶ 29.

The amount of attorney's fees and costs permitted in the Settlement Agreement – 33.33% of the Gross Settlement Amount – is substantial but not so disproportionate as to suggest collusion. The estimated Net Settlement Amount is approximately $10,185,518.33, which represents 68% of the Gross Settlement Amount. *Id.* ¶ 34. The settlement fund is non-reversionary. Dkt. 196-1 ¶ 33. Any remaining funds will be donated as *cy pres* to California Rural Legal Assistance and Legal Aid at Work, in equal amounts between the two organizations. *Id.* ¶ 39.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-04390 JAK (AGRx) | Date | November 15, 2022 |
| Title | Santiago Lim v. Transforce, Inc., et al. | | |

Also material is that the Settlement Agreement provides for a "clear sailing" provision. Thus, Defendants will not oppose the request by Class Counsel for attorney's fees so long as they do not exceed one-third of the Gross Settlement Amount. Dkt. 197. ¶ 3.2.2. This warrants a close examination of the possibility of collusion and unfairness. *See In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011). "Although clear sailing provisions are not prohibited, they "by [their] nature deprive[ ] the court of the advantages of the adversary process" in resolving fee determinations and are therefore disfavored." *Id.* at 949.

Although such arrangements warrant careful review as to fairness or potential collusion, there is no evidence of such actions here. As discussed, the Settlement was reached only after extensive negotiations. The parties reached this Settlement after approximately three-and-a-half years of litigation, including an appeal. Dkt. 196 at 24. Further, the Settlement provides a favorable outcome for the Class. Finally, although the ceiling for attorney's fees is higher than the Ninth Circuit's 25% benchmark, it is not so disproportionate to the Gross Settlement Amount to suggest any collusion. *See Staton v. Boeing Co.*, 327 F.3d 938, 952, 968 (9th Cir. 2003).

For these reasons, this factor supports preliminary approval.

        c)      Whether the Relief Provided for the Class is Adequate

           (1)    <u>Strength of Plaintiffs' Claims, and the Costs, Risks, and Delays of Trial and Appeal</u>

It is "well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair." *Officers for Justice*, 688 F.2d at 628. "The proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators." *Id.* at 625. "Estimates of a fair settlement figure are tempered by factors such as the risk of losing at trial, the expense of litigating the case, and the expected delay in recovery (often measured in years)." *In re Toys "R" Us-Delaware, Inc.—Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 453 (C.D. Cal. 2014); *see also Rodriguez*, 563 F.3d at 965 ("In reality, parties, counsel, mediators, and district judges naturally arrive at a reasonable range for settlements by considering the likelihood of a plaintiffs' or defense verdict, the potential recovery, and the chances of obtaining it, discounted to the present value.").

Plaintiffs do not provide an estimate of the potential recovery at trial, but they contend that the "Settlement provides a beneficial result for the Class" and has achieved "strong results." Dkt. 196 at 25. The average award to each Class Member will be approximately $6,176, although the precise amounts to each will vary based on the time that each Class Member worked for Defendants. *Id.* at 25-26.

Plaintiffs also identify significant risks and costs of proceeding with further litigation. They state that "[p]roceeding through a hotly contested class certification proceeding, and, if successful, through summary judgment, trial, and appeal would carry substantial risks to the class of receiving no recovery, or a limited recovery for some or all of the class, and would substantially delay recovery, if any." *Id.* at 26. Further, Plaintiffs note that Defendants have vigorously disputed many of the issues, have argued that they updated their arbitration program since Lim signed a previous version, and contend that they

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04390 JAK (AGRx) | Date | November 15, 2022 |
|---|---|---|---|
| Title | Santiago Lim v. Transforce, Inc., et al. | | |

could enforce the agreement as to most class members. *Id.* at 26-27. The risks of continued litigation here are substantial.

For these reasons, this factor weighs in favor of preliminary approval.

(2)    <u>Effectiveness of Any Proposed Method of Distributing Relief to the Class</u>

The proposed method of distributing relief to the class will be effective. Plaintiffs have proposed that notice will be mailed to each Class Member, with an additional attempt for those notices that are returned as undeliverable. Dkt. 196-1 ¶ 8.3. Class Members who do not object or opt out will receive payments without having to submit a claim form. Dkt. 197 at 38. This factor weighs in favor of preliminary approval.

(3)    <u>Terms of Any Proposed Award of Attorney's Fees</u>

The Settlement Agreement does not provide for a specific amount of attorney's fees, but states that the award will not exceed one-third of the Gross Settlement Amount. Dkt. 196-1 ¶ 3.2.2. The reasonableness of attorney's fees and litigation costs submitted in connection with the Motion are addressed below. Because the award of attorney's fees permitted under the Settlement Agreement is sufficiently close to a reasonable range, this factor weighs in favor of preliminary approval.

d)    Whether the Proposal Treats Putative Class Members Equitably Relative to Each Other

As noted, the Settlement Agreement provides that the Net Settlement Amount will be allocated to Class Members based on how many weeks each worked for Defendants. Dkt. 196-1 ¶ 3.2. As also noted, the Settlement Agreement also provides how the allocation will be affected if the size of the Class is more than 5% greater than the present estimate of 1649. Should that occur, Defendants may exercise one of the following options:

> (1) the Gross Settlement Amount shall increase by the same number of percentage points above 5% by which the actual number of Class Members or Workweeks exceeds the assumed number (for example, if the actual number of Class Members or Workweeks is determined to be 7% higher than the assumed number, the Gross Settlement Amount shall be increased by 2%; in the event the number of both Class Members and Workweeks exceed the 5% threshold, the gross settlement will be increased by the higher percentage as between Class Members and Workweeks); or (2) the Class Period and Class Release shall end as of the date the actual number of Class Members reached 1,731 or the actual number of Workweeks reached 124,603, whichever occurs first.

> *Id.* ¶ 9.

This is a fair and reasonable allocation of the amount of funds from the Settlement Agreement among Class Members. Providing a larger payment to drivers who worked more weeks is reasonable in that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04390 JAK (AGRx) | Date | November 15, 2022 |
|---|---|---|---|
| Title | Santiago Lim v. Transforce, Inc., et al. | | |

they would have worked more hours and sustained more of the alleged damages.

A consideration of the applicable factors shows that the Settlement is sufficiently fair, reasonable and adequate to warrant preliminary approval.

C.   Incentive Awards

1.   Legal Standards

"[N]amed plaintiffs . . . are eligible for reasonable incentive payments." *Staton*, 327 F.3d at 977. To determine the reasonableness of incentive awards, the following factors may be considered:

1) The risk to the class representative in commencing suit, both financial and otherwise; 2) the notoriety and personal difficulties encountered by the class representative; 3) the amount of time and effort spent by the class representative; 4) the duration of the litigation; and 5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

*Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995).

Enhancements "are particularly appropriate where the 'class representative[] remain[s] fully involved and expended considerable time and energy during the course of the litigation." *Razilov v. Nationwide Mut. Ins. Co.*, No. 01-CV-1466-BR, 2006 WL 3312024, at *4 (D. Or. Nov. 13, 2006)).

2.   Application

The Settlement Agreement provides for an incentive award to Lim of up to $15,000. Dkt. 196-1 ¶ 3.2.1. Plaintiff seeks an award in that amount. Second Supp. Konecky Decl., Dkt. 200-1 ¶ 54. Plaintiff's Counsel estimates that Lim spent 100 hours on the case. Dkt. 200-1, Ex. C. at 34. This represents an hourly rate of $150.

Plaintiff's Counsel states that Lim "worked with counsel regularly, sometimes taking multiple phone calls a day, and provided important information, documents, and insight regarding Defendant's policies and practices." *Id.* ¶ 51. Counsel further states that "Mr. Lim produced nearly 1,000 pages of notebooks and interrogatories, answered twenty-three (23) interrogatories, responded to requests for admission, submitted detailed declarations at separate stages of the case, prepared and appeared for two days of deposition, and consulted with the attorneys during numerous, often lengthy phone calls over several years." *Id.*

Counsel also states that Plaintiff missed two days of work for depositions, signed a broader release than what is required of other members of the Class, took a risk as to obtaining future employment by being the named Plaintiff in this public proceeding, and underwent the stress of being in the spotlight during the litigation. *Id.*, Ex. C. at 34.

In light of these considerations, an incentive award in the range of $12,000 to $15,000 is approved for the purposes of this Motion. A final determination of the amount will be made in connection with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04390 JAK (AGRx) | Date | November 15, 2022 |
|---|---|---|---|
| Title | Santiago Lim v. Transforce, Inc., et al. | | |

anticipated motion for final approval and based on a review of any new evidence that is proffered, including any responses by Class Members.

       D.     Attorney's Fees

           1.    <u>Legal Standards</u>

Attorney's fees and costs "may be awarded . . . where so authorized by law or the parties' agreement." *In re Bluetooth Headset Prods.*, 654 F.3d at 941. However, "courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount*." Id.* "If fees are unreasonably high, the likelihood is that the defendant obtained an economically beneficial concession with regard to the merits provisions, in the form of lower monetary payments to class members or less injunctive relief for the class than could otherwise have [been] obtained." *Staton*, 327 F.3d at 964. Thus, a district court must "assure itself that the fees awarded in the agreement were not unreasonably high, so as to ensure that the class members' interests were not compromised in favor of those of class counsel." *Id.* at 965.

District courts have discretion to choose between a lodestar method and the percentage method to evaluate the reasonableness of a request for an award of attorney's fees in a class action. *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010). A court may also choose one method and then perform a cross-check with the other. *See, e.g.*, *Staton*, 327 F.3d at 973.

When using the percentage method, a court examines what percentage of the total recovery is allocated to attorney's fees. Usually, the Ninth Circuit applies a "benchmark award" of 25%. *Id.* at 968. However, awards that deviate from the benchmark have been approved. *See Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("Ordinarily, . . . fee awards [in common fund cases] range from 20 percent to 30 percent of the fund created."); *Schroeder v. Envoy Air*, *Inc.*, No. CV-16-4911-MWF-KSx, 2019 WL 2000578, at *7 (C.D. Cal. May 6, 2019) (internal citations omitted) ("[T]he 'benchmark percentage should be adjusted, or replaced by a lodestar calculation, when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors,'" including "'(1) the results achieved; (2) the risks of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee; (5) the burdens carried by class counsel; and (6) the awards made in similar cases.'")

"The lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *In re Bluetooth Headset Prods.*, 654 F.3d at 941. After the lodestar amount is determined, a trial court "may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). Such factors "'includ[e] the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment.'" *Stetson v. Grissom*, 821 F.3d 1157, 1166–67 (9th Cir. 2016) (quoting *In re Bluetooth Headset Prods.*, 654 F.3d at 941–42).

The attorney's fees requested are assessed by applying both the lodestar and the percentage methods.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04390 JAK (AGRx) | Date | November 15, 2022 |
|---|---|---|---|
| Title | Santiago Lim v. Transforce, Inc., et al. | | |

2.    Application

Class Counsel has not proposed a specific amount of the award of attorney's fees. However, they provide general evidence to support such a request. *See* Dkt. 200. As noted, the maximum fee that can be requested or awarded under the Settlement Agreement is $5,166,666. *See id.*, Ex. B. at 32; Dkt. 197 ¶ 3.2.2. This is one-third of the Gross Settlement Amount of $15,500,000.

Konecky, who as noted in lead counsel, declares that Class Counsel have spent approximately 3643 hours on this matter, which on an hourly basis would result in $2,756,455.50.[3] Dkt. 200-1 ¶ 6 & n.1. Class Counsel practice at Schneider Wallace Cottreell Konecky LLP. *Id.* ¶ 10. Konecky has provided a supplemental declaration accompanied by detailed records of the hours worked and rates billed by Plaintiff's attorneys. *Id.*, Exs. A, B.

Class Counsel intends to file a separate motion for an award of attorney's fees and costs to be heard in conjunction with the anticipated hearing on a motion for final approval. Dkt. 196 at 15. Nevertheless, to provide information to Class Members in considering whether to object to, or opt out of the Settlement Agreement, it is important to address these issues.

a)    Percentage Approach

An award in the amount of the maximum fees permitted by the Settlement Agreement would represent 33.33% of the Gross Settlement Amount, or $5,166,666. This allocation would exceed the 25% "benchmark award" in the Ninth Circuit. That is not *per se* unreasonable. An upward adjustment from the benchmark may be warranted in light of the results achieved, the risks of litigation, non-monetary benefits conferred by the litigation, customary fees in similar cases, the contingent nature of the fee, the burden carried by counsel, or the reasonable expectations of counsel. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048–50 (9th Cir. 2002).

Plaintiff's counsel states that their work has been performed "on a fully contingent basis for several years with a risk of no recovery at all." Dkt. 196-1 ¶ 60. There were significant risks of no recovery because Defendants contested many issues, including whether the drivers were independent contractors and whether Class Members other than Lim had signed enforceable arbitration agreements. *Id.* ¶¶ 51-54. The Settlement Agreement reflects a very substantial and positive result for the Class. The average recovery per Class Member is $6,167.78. *Id.* ¶ 49.

Given these factors, an upward departure from the 25% benchmark may be reasonable, if it is supported by the lodestar cross-check.

b)    Lodestar Cross-Check

The following table summarizes the rates and hours submitted by Plaintiffs' counsel to date.

---

[3] Counsel note that the applicable software returns slightly different estimates of hours and total dollar amounts depending on whether the "by attorney" or "by project" filter is used. The estimate "by project" is $2,756,455.50, but the amount "by attorney" is 3,571.90 hours for a total lodestar of $2,742,077.50. Counsel states they have not yet determined the reason for this small variance.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04390 JAK (AGRx) | | Date | November 15, 2022 |
|---|---|---|---|---|
| Title | Santiago Lim v. Transforce, Inc., et al. | | | |

| | Time Keeper | Bar Date | Rate | Hours | Lodestar |
|---|---|---|---|---|---|
| **Partners** | | | | | |
| | Konecky, Joshua | Nov-96 | $1,105.00 | 592.40 | $654,602 |
| | Piller, Nathan | Dec-14 | $850.00 | 185.70 | $157,845 |
| **Associates / Of Counsel** | | | | | |
| | Chornobil, Yuri | Feb-18 | $725.00 | 30.10 | $21,822.50 |
| | Joyner, Leslie | Apr-09 | $830.00 | 666.80 | $553,444 |
| | McCracken, Sarah | Dec-16 | $775.00 | 756.90 | $586,597.50 |
| | Pacetti, Chris | Aug-04 | $935.00 | 72.80 | $68,068 |
| | Zinovyev, Eugene | Dec-09 | $680.00 | 6.70 | $4,556 |
| **Staff Attorneys** | | | | | |
| | Jrade, Moises | May-96 | $680.00 | 23.90 | $16,252 |
| | Kelly, Brendan | Nov-96 | $680.00 | 195.20 | $132,736 |
| | Olivares, Edgar | Dec-08 | $680.00 | 202.60 | $137,768 |
| | Williams, Aysegul | Jan-16 | $680.00 | 231.80 | $157,624 |
| | *subtotal (attorneys)* | | | *2,964.90* | *$2,491,315* |
| **Law Clerks / Paralegals** | | | | | |
| | Al-Hindi, Talal | | $450.00 | 50.50 | $22,725 |
| | Barajas, Elvira | | $450.00 | 302.30 | $136,035 |
| | Barnett, Thomas | | $350.00 | 148.70 | $52,045 |
| | Carter, Silvia | | $450.00 | 3.70 | $1,665 |
| | Castro, Lourdes | | $450.00 | 9.10 | $4,095 |
| | Christopher, Lonnie | | $275.00 | 0.20 | $55 |
| | Currid, Linda | | $300.00 | 35.50 | $10,650 |
| | Espinoza, Rocio | | $450.00 | 4.80 | $2,160 |
| | Gueorguieva, Eugenia | | $300.00 | 2.40 | $720 |
| | Guevara, Elisa | | $450.00 | 5.20 | $2,340 |
| | Hermann, Ashley | | $450.00 | 4.60 | $2,070 |
| | Huffman, Eugene | | $450.00 | 2.00 | $900 |
| | McClain, Tracey | | $425.00 | 0.70 | $297.50 |
| | Perez, Jennifer | | $450.00 | 0.40 | $180 |
| | Rawlinson, Ruby | | $350.00 | 2.80 | $980 |
| | Rodriguez, Brianda | | $350.00 | 15.00 | $5,250 |
| | Smith, Tyler | | $450.00 | 11.70 | $5,265 |
| | Winter, Kelle | | $450.00 | 7.40 | $3,330 |
| *subtotal (paralegals / law clerks)* | | | | 607.00 | $250,762.50 |
| **TOTAL** | | | | **3,571.90** | **$2,742,077.50** |
| Multiplier @ maximum fee that can be sought   (1/3 total settlement): | | | | | 1.88 |
| **Estimate of hours and lodestar after preliminary approval:** | | | | **350.00** | **$250,000** |
| **TOTAL INCLUDING FUTURE FEE ESTIMATE:** | | | | **3,921.90** | **$ 2,992,077.50** |
| Estimated multiplier assuming the maximum fee award (1/3 of Gross Settlement Amount) is sought: | | | | | 1.73 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04390 JAK (AGRx) | Date | November 15, 2022 |
|---|---|---|---|
| Title | Santiago Lim v. Transforce, Inc., et al. | | |

The submission shows that Plaintiffs' Counsel have worked a total of 3,571.9 hours, and that when their respective hours and hourly rates are applied, the corresponding fee amount totals $2,742,078.

        (1)     Whether the Rates Claimed Are Reasonable

Konecky submitted a second supplemental declaration in support of the proposed hourly rates, which details the experience of each attorney. Dkt. 200-1 ¶¶ 10-47. For certain attorneys, Konecky states that Counsel reduced their hourly rates for this case. *Id.*

Plaintiff's Counsel submitted exhibits to Konecky's supplemental declaration that identify 20 federal and state cases in which the hourly rates charged by Schneider Wallace Cottrell Konecky LLP were approved. Dkt. 196-1.

        (2)     Whether the Hours Charged Are Reasonable

Plaintiffs' Counsel have provided tables with the hours worked on this matter, by task. That information provided is summarized in the following tables:

| *Lodestar Organized by Task through Oct. 26, 2022* | | | | | |
|---|---|---|---|---|---|
| | **Time Keeper** | **Bar Date** | **Rate** | **Hours** | **Lodestar** |
| *TASK:  D's APPEAL* | | | | | |
| *Partners* | | | | | |
| | Konecky, Joshua | Nov-96 | $1,105.00 | 35.30 | $39,006.50 |
| | Piller, Nathan | Dec-14 | $850.00 | 7.40 | $6,290.00 |
| *Associates* | | | | | |
| | Joyner, Leslie | Apr-09 | $830.00 | 244.50 | $202,935.00 |
| | McCracken, Sarah | Dec-16 | $775.00 | 11.80 | $9,145.00 |
| *Law Clerks / Paralegals* | | | | | |
| | Barajas, Elvira | | $450.00 | 1.90 | $855.00 |
| | Currid, Linda | | $300.00 | 1.20 | $360.00 |
| | | | | | |
| **TOTAL FOR D's APPEAL:** | | | | **302.10** | **$258,591.50** |
| | | | | | |
| *TASK:   CASE / DOCUMENT ADMINISTRATION* | | | | | |
| *Associates* | | | | | |
| | Chornobil, Yuri | Feb-18 | $725.00 | 1.80 | $1,305.00 |
| *Law Clerks / Paralegals* | | | | | |
| | Alvarez, Maria | | $300.00 | 0.4 | $120.00 |
| | Barajas, Elvira | | $450.00 | 123.20 | $55,440.00 |
| | Barnett, Thomas | | $350.00 | 11.40 | $3,990.00 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04390 JAK (AGRx) | | | Date | November 15, 2022 |
|---|---|---|---|---|---|
| Title | Santiago Lim v. Transforce, Inc., et al. | | | | |

| | | | | | |
|---|---|---|---|---|---|
| | Brandy, Tony | | $300.00 | 3.50 | $1,050.00 |
| | Carter, Silvia | | $450.00 | 3.50 | $1,575.00 |
| | Castro, Lourdes | | $450.00 | 9.10 | $4,095.00 |
| | Christopher, Lonnie | | $275.00 | 0.20 | $55.00 |
| | Currid, Linda | | $300.00 | 4.60 | $1,380.00 |
| | Gueorguieva, Eugenia | | $300.00 | 0.30 | $90.00 |
| | Huffman, Eugene | | $450.00 | 0.60 | $270.00 |
| | Morgan, Eric | | $350.00 | 2.08 | $728.00 |
| | Rodriguez, Brianda | | $350.00 | 0.10 | $35.00 |
| | Smith, Tyler | | $450.00 | 10.50 | $4,725.00 |
| | Ummel, Elana | | $350.00 | 0.30 | $105.00 |
| | Winter, Kelle | | $450.00 | 7.40 | $3,330.00 |
| **TOTAL FOR CASE / DOCUMENT ADMINISTRATION:** | | | | **178.98** | **$78,293.00** |
| | | | | | |
| ***TASK:   CASE MANAGEMENT / PROPOSED SCHEDULING ORDERS*** | | | | | |
| ***Partners*** | | | | | |
| | Konecky, Joshua | Nov-96 | $1,105.00 | 3.30 | $3,646.50 |
| | Piller, Nathan | Dec-14 | $850.00 | 3.80 | $3,230.00 |
| ***Associates*** | | | | | |
| | McCracken, Sarah | Dec-16 | $775.00 | 1.20 | $930.00 |
| ***Staff Attorneys*** | | | | | |
| | Kelly, Brendan | Nov-96 | $680.00 | 0.70 | $476.00 |
| ***Law Clerks / Paralegals*** | | | | | |
| | Currid, Linda | | $300.00 | 1.20 | $360.00 |
| **TOTAL CASE MANAGEMENT / PROPOSED SCHEDULING ORDERS** | | | | **10.20** | **$8,642.50** |
| | | | | | |
| ***TASK:   CASE ORGANIZATION, PLANNING AND STRATEGY*** | | | | | |
| ***Partners*** | | | | | |
| | Konecky, Joshua | Nov-96 | $1,105.00 | 34.00 | $37,570.00 |
| | Piller, Nathan | Dec-14 | $850.00 | 1.90 | $1,615.00 |
| ***Associates*** | | | | | |
| | Joyner, Leslie | Apr-09 | $830.00 | 21.90 | $18,177.00 |
| | McCracken, Sarah | Dec-16 | $775.00 | 68.70 | $53,242.50 |
| | Pacetti, Chris | Aug-04 | $935.00 | 24.10 | $22,533.50 |
| ***Law Clerks / Paralegals*** | | | | | |
| | Barajas, Elvira | | $450.00 | 39.9 | $17,955.00 |
| | Carter, Silvia | | $450.00 | 0.10 | $45.00 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04390 JAK (AGRx) | | | Date | November 15, 2022 |
| Title | Santiago Lim v. Transforce, Inc., et al. | | | | |

| | | | | | |
|---|---|---|---|---|---|
| | Currid, Linda | | $300.00 | 0.90 | $270.00 |
| | Espinoza, Rocio | | $450.00 | 2.70 | $1,215.00 |
| | Guevara, Elisa | | $450.00 | 2.60 | $1,170.00 |
| | Hermann, Ashley | | $450.00 | 0.80 | $360.00 |
| | Rodriguez, Brianda | | $350.00 | 4.60 | $1,610.00 |
| | Smith, Tyler | | $450.00 | 1.20 | $540.00 |
| | | | | | |
| **TOTAL CASE ORGANIZATION, PLANNING AND STRATEGY:** | | | | **203.40** | **$138,348.00** |
| | | | | | |
| *TASK:   CLASS CERTIFICATION* | | | | | |
| *Partners* | | | | | |
| | Konecky, Joshua | Nov-96 | $1,105.00 | 65.30 | $72,156.50 |
| | Piller, Nathan | Dec-14 | $850.00 | 44.00 | $37,400.00 |
| *Associates* | | | | | |
| | Chornobil, Yuri | Feb-18 | $725.00 | 0.10 | $72.50 |
| | McCracken, Sarah | Dec-16 | $775.00 | 176.20 | $136,555.00 |
| | Zinovyev, Eugene | Dec-09 | $830.00 | 0.90 | $747.00 |
| *Staff Attorneys* | | | | | |
| | Moises, Jrade | May-96 | $680.00 | 0.20 | $136.00 |
| | Williams, Aysegul | Jan-16 | $680.00 | 0.50 | $340.00 |
| *Law Clerks / Paralegals* | | | | | |
| | Barajas, Elvira | | $450.00 | 8.90 | $4,005.00 |
| | Barnett, Thomas | | $350.00 | 4.50 | $1,575.00 |
| | Espinoza, Rocio | | $450.00 | 0.10 | $45.00 |
| | | | | | |
| **TOTAL CLASS CERTIFICATION:** | | | | **300.70** | **$253,032.00** |
| | | | | | |
| *TASK:   CLASS OUTREACH AND CONTACT* | | | | | |
| *Partners* | | | | | |
| | Konecky, Joshua | Nov-96 | $1,105.00 | 43.80 | $48,399.00 |
| | Piller, Nathan | Dec-14 | $850.00 | 1.80 | $1,530.00 |
| *Associates* | | | | | |
| | Chornobil, Yuri | Feb-18 | $725.00 | 0.60 | $435.00 |
| | McCracken, Sarah | Dec-16 | $775.00 | 26.30 | $20,382.50 |
| | Zinovyev, Eugene | Dec-09 | $830.00 | 5.40 | $4,482.00 |
| *Staff Attorneys* | | | | | |
| | Moises, Jrade | May-96 | $680.00 | 23.70 | $16,116.00 |
| | Williams, Aysegul | Jan-16 | $680.00 | 231.30 | $157,284.00 |
| *Law Clerks / Paralegals* | | | | | |
| | Al-Hindi, Talal | | $450.00 | 50.50 | $22,725.00 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04390 JAK (AGRx) | | Date | November 15, 2022 |
|---|---|---|---|---|
| Title | Santiago Lim v. Transforce, Inc., et al. | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | Barajas, Elvira | | | $450.00 | 29.50 | $13,275.00 |
| | Barnett, Thomas | | | $350.00 | 104.50 | $36,575.00 |
| | Carter, Silvia | | | $450.00 | 65.30 | $29,385.00 |
| | McClain, Tracey | | | $425.00 | 0.70 | $297.50 |
| | Rodriguez, Brianda | | | $350.00 | 10.30 | $3,605.00 |
| | Rawlinson, Ruby | | | $350.00 | 2.80 | $980.00 |
| | | | | | | |
| **TOTAL CLASS OUTREACH AND CONTACT:** | | | | | **596.50** | **$355,471.00** |
| | | | | | | |
| *TASK:   COMMUNICATION WITH OPPOSING COUNSEL* | | | | | | |
| *Partners* | | | | | | |
| | Konecky, Joshua | Nov-96 | | $1,105.00 | 34.50 | $38,122.50 |
| | Piller, Nathan | Dec-14 | | $850.00 | 1.30 | $1,105.00 |
| *Associates* | | | | | | |
| | Chornobil, Yuri | Feb-18 | | $725.00 | 0.30 | $217.50 |
| | Joyner, Leslie | Apr-09 | | $830.00 | 2.10 | $1,743.00 |
| | McCracken, Sarah | Dec-16 | | $775.00 | 30.10 | $23,327.50 |
| *Law Clerks / Paralegals* | | | | | | |
| | Barajas, Elvira | | | $450.00 | 0.40 | $180.00 |
| | Currid, Linda | | | $300.00 | 0.10 | $30.00 |
| **TOTAL COMMUNICATIONS WITH OPPOSING COUNSEL** | | | | | **68.80** | **$64,725.50** |
| *TASK:   DEPOSITIONS* | | | | | | |
| *Partners* | | | | | | |
| | Konecky, Joshua | Nov-96 | | $1,105.00 | 86.90 | $96,024.50 |
| | Piller, Nathan | Dec-14 | | $850.00 | 71.50 | $60,775.00 |
| *Associates* | | | | | | |
| | Chornobil, Yuri | Feb-18 | | $725.00 | 24.00 | $17,400.00 |
| | McCracken, Sarah | Dec-16 | | $775.00 | 91.10 | $70,602.50 |
| | Pacetti, Chris | Aug-04 | | $935.00 | 48.70 | $45,534.50 |
| *Staff Attorneys* | | | | | | |
| | Olivares, Edgar | Dec-08 | | $680.00 | 1.50 | $1,020.00 |
| *Law Clerks / Paralegals* | | | | | | |
| | Barajas, Elvira | | | $450.00 | 24.20 | $10,890.00 |
| | Barnett, Thomas | | | $350.00 | 9.90 | $3,465.00 |
| | Guevara, Elisa | | | $450.00 | 2.60 | $1,170.00 |
| | | | | | | |
| **TOTAL DEPOSITIONS:** | | | | | **360.40** | **$306,881.50** |
| | | | | | | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04390 JAK (AGRx) | | | Date | November 15, 2022 | |
|---|---|---|---|---|---|---|
| Title | Santiago Lim v. Transforce, Inc., et al. | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **TASK:   DISCOVERY (NON-DEPOSITION)** | | | | | | |
| **Partners** | | | | | | |
| | Konecky, Joshua | Nov-96 | $1,105.00 | 44.90 | $49,614.50 | |
| | Piller, Nathan | Dec-14 | $850.00 | 9.50 | $8,075.00 | |
| **Associates** | | | | | | |
| | Chornobil, Yuri | Feb-18 | $725.00 | 1.20 | $870.00 | |
| | Joyner, Leslie | Apr-09 | $830.00 | 20.70 | $17,181.00 | |
| | McCracken, Sarah | Dec-16 | $775.00 | 119.10 | $92,302.50 | |
| **Staff Attorneys** | | | | | | |
| | Kelly, Brendan | Nov-96 | $680.00 | 172.40 | $117,232.00 | |
| | Olivares, Edgar | Dec-08 | $680.00 | 201.10 | $136,748.00 | |
| **Law Clerks / Paralegals** | | | | | | |
| | Barajas, Elvira | | $450.00 | 45.40 | $20,430.00 | |
| | Currid, Linda | | $300.00 | 0.90 | $270.00 | |
| | Perez, Jennifer | | $450.00 | 0.20 | $90.00 | |
| | | | | | | |
| **TOTAL DISCOVERY (NON-DEPOSITION)** | | | | **615.40** | **$442,813.00** | |
| | | | | | | |
| **TASK:   EXPERT, INCLUDING RETENTION (NOTE: CONSULTING BILLED UNDER SETTLEMENT)** | | | | | | |
| **Partners** | | | | | | |
| | Konecky, Joshua | Nov-96 | $1,105.00 | 0.40 | $442.00 | |
| **Law Clerks / Paralegals** | | | | | | |
| | Currid, Linda | | $300.00 | 1.30 | $390.00 | |
| | | | | | | |
| **TOTAL EXPERT, INCLUDING RETENTION)** | | | | **1.70** | **$832.00** | |
| | | | | | | |
| **TASK:   MISCELLANEOUS RESEARCH** | | | | | | |
| **Partners** | | | | | | |
| | Konecky, Joshua | Nov-96 | $1,105.00 | 0.50 | $552.50 | |
| **Associates** | | | | | | |
| | Chornobil, Yuri | Feb-18 | $725.00 | 0.20 | $145.00 | |
| | Joyner, Leslie | Apr-09 | $830.00 | 32.50 | $26,975.00 | |
| | McCracken, Sarah | Dec-16 | $775.00 | 1.60 | $1,240.00 | |
| **Staff Attorneys** | | | | | | |
| | Kelly, Brendan | Nov-96 | $680.00 | 22.10 | $15,028.00 | |
| **Law Clerks / Paralegals** | | | | | | |
| | Barajas, Elvira | | $450.00 | 4.70 | $2,115.00 | |
| | Barnett, Thomas | | $350.00 | 7.90 | $2,765.00 | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | LA CV19-04390 JAK (AGRx) | | Date | November 15, 2022 |
| Title | Santiago Lim v. Transforce, Inc., et al. | | | |

| | | | | |
|---|---|---|---|---|
| **TOTAL MISCELLANEOUS RESEARCH:** | | | 69.50 | $48,820.50 |
| | | | | |
| *TASK:   OTHER MOTIONS (INCL MTN TO COMPEL ARB, MTN TO STAY, MTN FOR APVL)* | | | | |
| *Partners* | | | | |
| | Konecky, Joshua | Nov-96 | $1,105.00 | 116.80 | $129,064.00 |
| | Piller, Nathan | Dec-14 | $850.00 | 18.50 | $15,725.00 |
| *Associates* | | | | |
| | Chornobil, Yuri | Feb-18 | $725.00 | 1.80 | $1,305.00 |
| | Joyner, Leslie | Apr-09 | $830.00 | 262.80 | $218,124.00 |
| | McCracken, Sarah | Dec-16 | $775.00 | 93.30 | $72,307.50 |
| *Law Clerks / Paralegals* | | | | |
| | Barajas, Elvira | | $450.00 | 0.90 | $405.00 |
| | Barnett, Thomas | | $350.00 | 0.70 | $245.00 |
| | Currid, Linda | | $300.00 | 19.70 | $5,910.00 |
| | Hermann, Ashley | | $450.00 | 2.20 | $990.00 |
| **TOTAL OTHER MOTIONS (INCL MTN TO COMPEL ARB, MTN TO STAY, MTN FOR APVL)** | | | 516.70 | $444,075.50 |
| | | | | |
| *TASK:   PLEADINGS, STIPULATIONS* | | | | |
| *Partners* | | | | |
| | Konecky, Joshua | Nov-96 | $1,105.00 | 17.50 | $19,337.50 |
| | Piller, Nathan | Dec-14 | $850.00 | 25.10 | $21,335.00 |
| *Associates* | | | | |
| | Chornobil, Yuri | Feb-18 | $725.00 | 0.10 | $72.50 |
| | Joyner, Leslie | Apr-09 | $830.00 | 26.20 | $21,746.00 |
| | McCracken, Sarah | Dec-16 | $775.00 | 88.80 | $68,820.00 |
| | Zinovyev, Eugene | Dec-09 | $680.00 | 0.40 | $272.00 |
| *Law Clerks / Paralegals* | | | | |
| | Barajas, Elvira | | $450.00 | 21.30 | $9,585.00 |
| | Barnett, Thomas | | $350.00 | 9.80 | $3,430.00 |
| | Carter, Silvia | | $450.00 | 0.10 | $45.00 |
| | Currid, Linda | | $300.00 | 5.60 | $1,680.00 |
| | Gueorguieva, Eugenia | | $300.00 | 2.10 | $630.00 |
| | Hermann, Ashley | | $450.00 | 1.60 | $720.00 |
| | Huffman, Eugene | | $450.00 | 1.40 | $630.00 |
| | Perez, Jennifer | | $450.00 | 0.20 | $90.00 |
| | | | | |
| **TOTAL PLEADINGS, STIPULATIONS** | | | 200.20 | $148,393.00 |
| | | | | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04390 JAK (AGRx) | | Date | November 15, 2022 |
| --- | --- | --- | --- | --- |
| Title | Santiago Lim v. Transforce, Inc., et al. | | | |

| TASK: MEDIATION / SETTLEMENT (INCLUDING EXPERT CONSULTING) | | | | | |
| --- | --- | --- | --- | --- | --- |
| **Partners** | | | | | |
| | Konecky, Joshua | Nov-96 | $1,105.00 | 109.00 | $120,445.00 |
| | Piller, Nathan | Dec-14 | $850.00 | 0.90 | $765.00 |
| **Associates** | | | | | |
| | Joyner, Leslie | Apr-09 | $830.00 | 56.10 | $46,563.00 |
| | McCracken, Sarah | Dec-16 | $775.00 | 48.70 | $37,742.50 |
| **Law Clerks / Paralegals** | | | | | |
| | Barajas, Elvira | | $450.00 | 2.00 | $900.00 |
| | Espinoza, Rocio | | $450.00 | 2.00 | $900.00 |
| **TOTAL MEDIATION / SETTLEMENT (INCLUDING EXPERT CONSULTING)** | | | | **218.70** | **$207,315.50** |
| | | | | | |
| **TASK: TRIAL AND TRIAL PREPARATION** | | | | | |
| **Partners** | | | | | |
| | Konecky, Joshua | Nov-96 | $1,105.00 | 0.20 | $221.00 |
| | | | | | |
| **TOTAL TRIAL AND TRIAL PREP** | | | | **0.20** | **$221.00** |
| | | | | | |
| **TOTAL HOURS AND LODESTAR FOR ALL TASK CATEGORIES:** | | | | **3,643.48** | **$2,756,455.50** |

If Plaintiffs' counsel were awarded the maximum amount permitted by the Settlement Agreement, the lodestar multiplier, including estimated future hours, would be 1.73. The lodestar based on hours worked to date would be 1.88. The evidence submitted shows that the rates and hours charged are, for the most part, reasonable, but issues are raised about the reasonableness of the relatively high rates, particularly for more junior attorneys, and the need for approximately $250,000 in time charges, including charges for time spent on the appeal, the scheduling order, planning strategy, class certification, class outreach, discovery, pleadings and other motions including the motion to compel arbitration.

c)    Conclusion on Attorney's Fees

Including estimated future hours, an award of the maximum amount permitted by the Settlement Agreement would result in a multiplier of 1.73 above the lodestar. Taking into account the rates and hours charged, the risks of litigation and the significant result achieved for the Class, an award of attorney's fees in the range of $3.5 to $5 million is preliminarily approved. A final determination of the amount is reserved, and will be decided in connection with the anticipated motion for final approval. Any new evidence, including as to the hours worked and/or an increase in hourly rates that may apply to work performed following the issuance of this Order will also be considered.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04390 JAK (AGRx) | Date | November 15, 2022 |
|---|---|---|---|
| Title | Santiago Lim v. Transforce, Inc., et al. | | |

E.    Litigation Costs

Plaintiff states that Class Counsel will seek reimbursement of approximately $74,600 in costs. Dkt. 196-1 ¶ 35. Plaintiff plans to file a motion for an award of such costs to be heard at the time of the anticipated final approval hearing. *Id.* At this time, the $74,600 amount is not deemed unreasonable, and an award of up to that amount is preliminarily approved. However, it is subject to de novo review in connection with the final approval process. In the briefing in support of final approval, Class Counsel shall provide specific evidence in support of any request for costs.

F.    Appointment of Settlement Administrator

The parties seek approval of Kroll as the Settlement Administrator. Kroll has substantial experience in administration of class action settlements. Dkt. 196-2 ¶ 1. Kroll has estimated that the costs of performing the administrative services, including providing notice, operating a website and toll-free telephone number, mailing checks, and preparing tax forms, will be $57,815. Dkt. 196-2 ¶¶ 4-15. The Settlement Agreement provides that the expenses payment to the Administrator shall not exceed $57,815 except for a showing of good cause and as approved by the Court. Dkt. 197 ¶ 3.2.3. These costs appear reasonable. The evidence also shows that Kroll is an adequate administrator. Therefore, Kroll is approved as Settlement Administrator.

G.    Class Notice

1.    Legal Standards

Rule 23(e)(1)(B) requires that a court "direct notice in a reasonable manner to all class members who would be bound by" a proposed class settlement. Fed. R. Civ. P. 23(e)(1)(B). Notice is satisfactory if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (quoting *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980)).

2.    Application

As stated, the Proposed Notice summarizes the terms of the Settlement Agreement in clear language, advises Class Members about their rights and informs them that they are not required to submit a claim form to receive their payments under the Settlement Agreement. Dkt. 197 at 30-39. It also provides instructions on how to file objections or opt out. *Id.* at 36-38. For these reasons, the Proposed Notice satisfies the requirements of Rule 23(e)(1)(B), and is approved.

**V.    Conclusion**

For the reasons stated in this Order, the Motion is **GRANTED**. The Final Approval hearing is set for April 3, 2023. The parties shall file their anticipated motion for final approval on or before March 6, 2023. Any objections or oppositions shall be filed on or before March 20, 2023. This information shall be included in the notice to Class Members.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04390 JAK (AGRx) | Date | November 15, 2022 |
|---|---|---|---|
| Title | Santiago Lim v. Transforce, Inc., et al. | | |

**IT IS SO ORDERED.**

:

Initials of Preparer          TJ